No. 21314.

MARY E. KENNEDY *v*. W. T. GRANT COMPANY (A DELAWARE CORPORATION).

(426 P.2d 185)

Decided April 17, 1967.

ARTHUR W. ZARLENGO, for plaintiff in error.

McCOMB, ZARLENGO & MOTT, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE McWILLIAMS.

THIS is a personal injury case. While shopping in a store operated by the W. T. Grant Company, Mary Kennedy sustained injury when a glass divider fell from a merchandise counter onto her right foot. As a result of this incident Mrs. Kennedy made claim against W. T. Grant, alleging special damages in the amount of $100, and asking for general damages in the more generous sum of $50,000.

Upon trial Mrs. Kennedy testified that as a salesgirl "reached across" to get some items of merchandise and money from her, the salesgirl inadvertently "brushed" the glass divider, thereby causing the divider to fall

to the floor. Mrs. Kennedy, incidentally, was struck on her right foot by the flat side of the divider, and apparently there was no abrasion of the skin.

The salesgirl's version of what happened was radically different from that of Mrs. Kennedy. The salesgirl testified that she did *not* brush or otherwise dislodge the glass divider. To the contrary, she testified that actually it was Mrs. Kennedy's five year old son who caused the divider to fall to the floor. In this regard the salesgirl testified that as she was waiting on Mrs. Kennedy she noticed a small boy, standing alongside Mrs. Kennedy, reach up and "put his fingers" over the glass divider. She then went on to testify that it was this small boy who "pulled the glass down" and that in so doing the lad even pulled the end bracket and screw "clear out."

It was on this general state of the record that the matter was submitted to the jury. The verdict and ensuing judgment were for W. T. Grant. By the present writ of error Mrs. Kennedy now seeks reversal of the aforementioned judgment.

■■ The only point urged by Mrs. Kennedy as to just why the judgment should be reversed is the claim that the trial court committed error when at the conclusion of all the evidence it refused to direct a verdict in her favor on the issue of liability. We perceive no error in this regard. In our view the sharp dispute in the evidence as to how the accident occured not only warranted, but indeed required, submission of the entire matter to the fact finder.

■ As a corollary of the foregoing, Mrs. Kennedy further argues that *even if* her small boy pulled the divider from its moorings, W. T. Grant was nevertheless still guilty of negligence, *as a matter of law,* because of its failure to install the glass divider in such a manner that it would be impossible for a five year old to uproot it. We find no authority for the imposition of such a new and onerous duty upon a storekeeper.

■ In this latter regard, it should be pointed out that there was *no* evidence that the bracket and screw were loose *before* the boy pulled the divider down on his mother's foot. Rather, the evidence is that it was only *after* the incident that it was *first* noted that the screw and bracket were "loose." Nor do we know of any so-called "law of physics" which would compel the inference that the fact that a five year old *did* pull the bracket and screw loose in the manner described is proof positive that the bracket and screw were improperly installed and maintained. In short, we find nothing in the record to indicate that the glass divider was negligently installed or maintained by W. T. Grant.

■ Without belaboring, then, that which we deem to be rather obvious, we hold that the trial court acted quite properly in declining to direct a verdict for Mrs. Kennedy on the issues of negligence and proximate cause. Directing a verdict on the issue of liability should only be done in the "clearest of cases." *Bates v. Stagg,* 157 Colo. 456, 404 P.2d 530. The instant controversy certainly does not present a clear case of liability; on the contrary, it posed a sharply disputed issue of fact which was properly submitted to the jury for resolution.

The judgment is affirmed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE DAY and MR. JUSTICE HODGES concur.